

Frank W. Volk
United States District Judge

**Dated: April 24th, 2020**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## IN PARKERSBURG

| IN RE: | CASE NO. 6:19-bk-60167 |
|---|---|
| JESSICA DAWN HOLSINGER, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |

## MEMORANDUM OPINION AND ORDER
## APPROVING DEBTOR'S REAFFIRMATION AGREEMENT
## WITH WEST VIRGINIA CENTRAL CREDIT UNION

On April 2, 2020, Debtor Jessica Dawn Holsinger *pro se* for a hearing on a proposed reaffirmation agreement with the West Virginia Central Credit Union [dckt. 22].

The Court expressed its inclination to approve Ms. Holsinger's reaffirmation, contingent upon her knowing and voluntary decision to do so, along with an understanding of the consequences of reaffirmed debt.

Pursuant to 11 U.S.C. § 524(c)(2), a reaffirmed debt becomes a personal legal obligation of the debtor that survives bankruptcy. It is not discharged with the bankruptcy case. A debtor's obligation to pay the reaffirmed debt thus continues after dismissal or discharge. If a debtor defaults on a reaffirmed debt, the creditor may begin foreclosure proceedings. If the creditor repossesses and sells the collateral and a deficiency remains, the debtor is liable for that balance. A deficiency balance, like a reaffirmed debt, is nondischargable in bankruptcy and remains the debtor's obligation following the dismissal or discharge.

A debtor may rescind a reaffirmation agreement either before discharge in bankruptcy or before expiration of the 60-day period following the date the agreement was filed with the Court, whichever occurs later.

It is, accordingly, **ORDERED** that the Reaffirmation Agreement between Ms. Holsinger and the West Virginia Central Credit Union be, and hereby is, **APPROVED**.

It is further **ORDERED** that a copy of this order be sent personally to Ms. Holsinger.